IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CATHY D. JONES                                          PLAINTIFF

VS.                        CIVIL ACTION NO. 5:10-cv-189-DCB-JMR

NANCY WATTS,
WELLS FARGO BANK, N.A. AND
JOHN DOES 1-10                                         DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the plaintiff Cathy D.
Jones's ("Jones" or "plaintiff") Motion to Remand **(docket entry 9)**.
Having carefully considered the motion and response, the memoranda
and applicable law, and being otherwise fully advised in the
premises, the Court finds as follows:

On October 20, 2010, the plaintiff filed her Complaint in the
Circuit Court of Yazoo County, Mississippi.  The Complaint names as
defendants Nancy Watts ("Watts"), Wells Fargo Bank, N.A. ("Wells
Fargo"), and John Does 1 through 10.  The Complaint alleges as
follows:  that prior to January 15, 2009, without Jones's knowledge
or consent, Watts fraudulently obtained Cathy Jones's personal
information,[1] and claiming to be Cathy Jones, she submitted an
application for a loan to Wells Fargo, offering Jones's residence
and real property as collateral.  On or about March 4, 2009, Wells
Fargo made a loan in Jones's name, issuing the proceeds in the

---

[1] The personal information Watts obtained included Jones's photo identification,
proof of insurance, statement of wages, federal income tax information, and other
documents.

amount of $66,886.69 to Watts and others on her behalf.  On October
5, 2009, Wells Fargo placed insurance on Jones's residence,[2] which
was already covered by property insurance issued by Mississippi
Farm Bureau Insurance Company.  On June 2, 2010, Wells Fargo
informed Jones that it would initiate foreclosure proceedings due
to her failure to make payments on the loan, and on June 30, 2010,
Wells Fargo confirmed to Jones's counsel that her residence was in
"active foreclosure" status.

     When Jones learned of the loan in August, 2009, while speaking
with Necole Baker at the Wells Fargo office in Clinton,
Mississippi, she confirmed that the loan had been obtained by a
third party in her name.  From that time, the plaintiff alleges
that Wells Fargo has had actual knowledge of the fraudulent nature
of the loan transaction.  Jones's complaint catalogues at least
eight separate instances of her attorney's communication with Wells
Fargo providing information and evidence about the fraud.  Jones's
attorney provided Wells Fargo with the F.B.I. case number assigned
to the investigation, a copy of the indictment against Watts, and
a copy of the notice of Watts's intent to plead guilty to all
counts of the indictment.  On August 9, 2010, Wells Fargo
acknowledged for the first time that the loan had been fraudulently
obtained.  As of the complaint's filing date, Wells Fargo had not
withdrawn the forced placed insurance, removed itself as loss payee

_____

[2] On September 20, 2010, Wells Fargo again placed insurance on Jones's residence.

on Jones's prior insurance policy,[3] or released or voided the fraudulently obtained mortgage note.

Jones's complaint includes three counts against Watts — for identify theft and fraud (I), slander of title (III), and intentional infliction of emotional distress (V); two counts against Wells Fargo — for negligence in issuing the loan (II) and slander of title (IV); and a final count against both parties — for intentional and/or negligent infliction of emotional distress (VI). Jones seeks compensatory damages in an amount not less than $100,000.00, jointly and severally against Watts and Wells Fargo (I, II). She seeks compensatory and punitive damages in an amount not less than $1,000,000.00 against Watts (I, III, V) and compensatory and punitive damages in an amount not less than $1,000,000.00 against Wells Fargo (IV, VI). Jones additionally seeks a judgment declaring the loan void *ab initio* and attorneys' fees with interest and court costs jointly and severally against Wells Fargo and Watts.

On November 23, 2010, the defendant Wells Fargo filed a Notice of Removal. Removal is based on federal question jurisdiction under 28 U.S.C. § 1331. Wells Fargo asserts that removal to the federal court is appropriate because the plaintiff's claims raise substantial federal issues under the USA Patriot Act of 2001, 115 Stat. 272, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§

---

[3] Wells Fargo had previously made itself loss payee of this policy without Jones's knowledge or consent in February 2009.

1681 et seq., as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Public Law 108-159.  In support of the Notice of Removal, Wells Fargo asserts that federal question jurisdiction does not require the complaint to plead a federal cause of action as long as it involves "a controversy respecting the construction and effect of the [federal] laws" which is "sufficiently real and substantial."  Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 316 (2005).  Wells Fargo contends that the plaintiff alleges a violation of the Patriot Act on the face of the complaint, and that Jones's claim of slander to title is also appropriate for federal court jurisdiction because it "presents a real and substantial controversy involving the construction and effect of federal law" based on the relationship of the allegations to federal laws and regulations under the FCRA and FACTA (docket entry 1).

On December 23, 2010, the plaintiff filed a Motion to Remand (docket entry 9) pursuant to 28 U.S.C. § 1447 as well as a Memorandum of Authorities (docket entry 10).  In support of her Motion to Remand, the plaintiff asserts that removal is improper due to Wells Fargo's violation of the rule of unanimity and the absence of a federal question.  The plaintiff additionally claims that Wells Fargo improvidently removed this matter and should be sanctioned.  If the plaintiff is correct that Wells Fargo has violated the rule of unanimity by failing to obtain consent or

4

joinder to the removal from co-defendant Watts, then it will not be necessary to examine whether or not this case presents a federal question.  As the plaintiff explains, according to <u>Getty Oil</u>, "All defendants who are properly joined and served must join in the removal petition, and the failure to do so renders the petition defective." <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d 1254, 1262 (5th Cir. 1988).  The failure to obtain Watts's consent or joinder would constitute a fatal defect in Wells Fargo's removal petition.

On January 4, 2011, defendant Nancy Watts filed a Joinder and Consent to Removal (docket entry 11).  On January 21, 2011, defendant Wells Fargo filed a Response in Opposition to Plaintiff's Motion to Remand, asserting that removal falls under an exception to the rule of unanimity.

Wells Fargo does not allege that it made any attempt to contact Watts, and does not allege that it made any attempt to ascertain whether Watts had been served with process until November 23, 2010, the day Wells Fargo filed its Notice of Removal, which was three days before the removal period expired.  According to Michelle Brister, a paralegal working for Wells Fargo's attorneys, she telephoned the clerk's office on November 23, "immediately prior to filing the Notice of Removal in this action," and spoke with an unnamed employee who allegedly informed her "that no returns of service had been filed with the court."  Brister

Affidavit, ¶ 3.   Attached to her affidavit are Brister's contemporaneous handwritten notes, which also reflect that the clerk's office employee informed her that "no returns of service" had been filed.  Brister Affidavit, Exh. A.  Since there were only two named defendants in this action, use of the plural "returns" would indicate that neither Wells Fargo nor Watts had been served with process.  Brister would have been aware that Wells Fargo had been served with process, and would therefore have reason to question whether she had received full and accurate information from the clerk's office.

In its response to the plaintiff's motion to remand, Wells Fargo asserts that "evidence [of service of process on Watts] had not yet made its way into the record when Wells Fargo removed the case on November 23, 2010." (docket entry 14).  This statement is incorrect.  As Brister's affidavit shows, Wells Fargo's attorneys received a certified copy of the Yazoo County Circuit Court record on December 1, 2010.  (docket entry 14-1).  The record clearly shows that returns of service for both Watts (served on October 25 by the Sheriff of Madison County, Mississippi) and Wells Fargo (served on October 26 by process server) were received by the clerk's office on November 1, 2010, and docketed and filed in the case file that same day.  (docket entry 17-1).

In advocating a more lenient application of the rule of unanimity, Wells Fargo cites rulings of district courts within the

Fifth Circuit which have found exceptions to the rule of unanimity, Waffer v. City of Garland, 2001 WL 1148174 (N.D. Tex. Sept. 19, 2001); Milstead Supply Co. v. Cas. Ins. Co., 797 F.Supp. 569 (W.D. Tex. 1992), and claims that Watts's incarceration should be analogized to the exceptional circumstances which excused late consent in Gillis v. Louisiana, 294 F.2d 755 (5th Cir. 2002).

On February 4, 2011, Jones filed a Reply to Defendant's Response to Plaintiff's Motion to Remand (docket entry 17). The plaintiff contends that Wells Fargo's lack of "actual or constructive knowledge regarding service upon Watts prior to the filing of its Notice of Removal" is of no material importance (docket entry 17). While conceding that Waffer and Milstead support the argument that the rule of unanimity was not violated, the plaintiff offers contrary support from other district courts within the Fifth Circuit which do not permit such exceptions and which support the proposition that these exceptions represent misinterpretations of the rule of unanimity as applied by the Fifth Circuit. Holland v. Hewes, 2009 WL 2225494 (S.D. Miss. July 23, 2009); Forman v. Equifax Credit Inf. Servs. Inc., 1997 WL 162008 (E.D. La. Apr. 4, 1997).

Removal requires the consent of all co-defendants. Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992). The right of removal is granted as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the

7

district courts of the United States have original
jurisdiction, may be removed by *the defendant or the
defendants*, to the district court of the United States for the
district and division embracing the place where such action is
pending. . . .

28 U.S.C. § 1441 (a) (emphasis added). The language "the defendant

or the defendants" means that if there are multiple defendants,

they must remove together. <u>Kerwood</u>, 969 F.2d at 167; <u>see also</u>

<u>White v. White</u>, 32 F.Supp.2d 890, 892 n.2 (W.D. La. 1998)

(explaining that in interpreting the unanimity requirement of 28

U.S.C. § 1441(a), "courts have read these words to mean that if

there is more than one defendant, then the defendants must act

collectively to remove the case" (citing <u>Kerwood</u>, 969 F.2d at

167)).

The rule of unanimity is a jurisprudential interpretation of

28 U.S.C. § 1441(a),cited above, and 1446(a)-(b):

(a) A defendant or defendants desiring to remove any civil
action or criminal prosecution from a State court shall file
in the district court of the United States for the district
and division within which such action is pending a notice of
removal signed pursuant to Rule 11 of the Federal Rules of
Civil Procedure and containing a short and plain statement of
the grounds for removal, together with a copy of process,
pleadings, and orders served upon such defendant or defendants
in such action.

(b) The notice of removal of a civil action or proceeding
shall be filed within 30 days after the receipt by the
defendant, through service or otherwise, of a copy of the
initial pleading setting forth the claim for relief upon which
such action or proceeding is based, or within thirty days
after the service of summons upon the defendant if such
initial pleading has then been filed in court and is not
required to be served on the defendant, whichever period is
shorter. . . .

The rule is applied with varying degrees of strictness by different circuits, and the Fifth Circuit has been cited as an exemplar of the strict application, also known as the first-served defendant rule, or the "one strike" rule, which does not allow a defendant who did not remove within the thirty day limitation to join in the complying removal notice of a co-defendant who was served later than the first-served. See Getty Oil, 841 F.2d at 1263 (describing the rule, "all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served," "which is followed by district courts in this Circuit and others"). See also 19A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure, Juris. App. Fed. Jud. Code Revision Pt. III Rptr. Note E & n.7 (2d ed. current through 2010 Update) (citing Getty Oil, 841 F.2d at 1262-63, as representing the strict application of the first-served defendant limitation on the rule of unanimity).

The Fifth Circuit follows a first-served defendant application of the rule of unanimity under which subsequently served defendants cannot overcome the effect of the first-served defendant failing to seek timely removal. Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986). Getty Oil overtly accepts this rule: "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served." 841 F.2d at 1262-63.

In the event that the first-served defendant does not remove, the later-served defendant cannot overcome the unanimity requirement. Air Starter Components v. Molina, 442 F.Supp.2d 374, 378 (S.D. Tex. 2006). This interpretation of the rule is justified as a reasonable application of the unanimity demand, the strict thirty-day limitation, and the possibility of the defendant waiving removal by continuing in state court. Brown, 792 F.2d at 482. Brown follows the "axiom that the removal statutes are to be strictly construed against removal." Id., citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979). See also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Samuel v. Langham, 780 F. Supp. 424, 427 (N.D. Tex. 1992).

Some commentators claim that the first-served defendant rule creates "inequitable results" because it often leaves subsequently served defendants with an incredibly short period of time to file within the requisite thirty-day limitation, an outcome which cuts against the "underlying policy of removal" — "fairness". Brown, 792 F.2d at 482; See also Derek S. Hollingsworth, Comment, Section 1446: Remedying the Fifth Circuit's Removal Trap, 49 Baylor L. Rev. 157, 158 (1997). Although in Brown, the Fifth Circuit was not persuaded by the potential of the rule to produce inequities, even from the initial acceptance of this rule, the court alluded to the

possibility of "[e]xceptional circumstances" which "might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served," but no further illumination was cast on the nature of such exceptions. Brown, 792 F.2d at 482.  In this Circuit, Brown's version of the first-served defendant rule remains the touchstone for evaluating varying district court applications, which describe the possibility of exceptions with varying strictness based on the application of this "general rule."  See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 887 n.4 (5th Cir. 1998); Curry v. State Farm Mut. Auto. Ins. Co., 599 F.Supp.2d 734, 740 (S.D. Miss. 2009) (citing Deshotel, 142 F.3d at 887 n.4 (quoting Brown, 792 F.2d at 481 & n.11)); Dupree v. Torin Jacks, Inc., 2009 WL 366332, at *1 (W.D. La. Feb. 12, 2009).

In McDonald v. Raycom TV Broad., Inc., 2009 WL 1149569, at *1 (S.D. Miss. Apr. 29, 2009), the district court listed the primary exceptions to the rule of unanimity recognized by the Fifth Circuit.  Consent to removal is not required from: (1) improperly or fraudulently joined parties, id., citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 2003); (2) nominal or unnecessary defendants, id., citing Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991); and (3) defendants who have not been served by the time of

the removal, <u>id.</u>, citing <u>Jones v. Houston Indep. Sch. Dist.</u>, 979 F.2d 1004, 1007 (5th Cir. 1992).  The last exception closely aligns with a basic statement of the rule itself because in <u>Getty Oil</u>, explaining the meaning of 28 U.S.C. § 1446(a), the court stated, "This statute has been interpreted to require that all *then served* properly joined defendants join in the removal petition." 841 F.2d at 1262 n.9 (emphasis added).

Lenient application of the rule of unanimity's first-served defendant interpretation has arisen in highly specific contexts in district courts within the Fifth Circuit, as Wells Fargo explains in its Response in Opposition to the Motion to Remand (docket entry 14).  But, while it is no longer entirely accurate that "[t]he Fifth Circuit has never published an opinion in which it either found exceptional circumstances or further defined the term," <u>White</u>, 32 F.Supp.2d at 893, if reduced from an airtight certainty to a generalization, this assessment provides a reasonably sound reflection on the likelihood of the Fifth Circuit finding an exceptional circumstance which does not fit within the three previously referenced exceptions.  <u>But see, e.g.</u>, <u>Gillis v. Louisiana</u>, 294 F.3d 755, 759 (5th Cir. 2002) (finding an "exceptional circumstance" when consent for removal could not be properly formally authorized due to circumstances surrounding a

12

defendant corporation's inability to hold a board of directors meeting within the time limitation).

Where the later-served defendant was served only a few hours prior to the first-served defendant's original petition for removal and notice of removal, and where the first-served defendant was "reasonably diligent" in trying to discover whether co-defendants had been served and therefore had "no actual knowledge" and "no constructive knowledge" that the co-defendant had been served, these circumstances have been held to constitute an exception to the strict application of the rule of unanimity. Milstead Supply Co. v. Casualty Ins. Co., 797 F.Supp. 569, 573 (W.D. Tex. 1992). In order to require that co-defendants must join the first-served defendant's petition to remove, these later-served defendants must have been served by the time of the petition, or be defendants that the first-served actually knew had been served or should have known had been served. Id. In Waffer v. City of Garland, the district court found that the absence of the consent of later-served defendants may not be a fatal flaw to a first-served defendant's removal petition when at the time the petition was filed, the court's record did not disclose the fact that the later-served defendant had been served. 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001).

13

While some Fifth Circuit district courts have permitted such exceptions to soften the application of the rule of unanimity, others have opined that these lenient applications represent missteps contrary to the Fifth Circuit's clearly established strict interpretation of the rule.   Alternative views "do not trump binding Fifth Circuit precedent" and the "district courts in this circuit have consistently followed Fifth Circuit precedent and applied the first-served defendant rule even though the rule has engendered criticism outside of the circuit." Holland, 2009 WL 2225494 at *3.   The Holland court lists other circuits which have rejected the Fifth Circuit interpretation of the rule. Id. at *2 (citing Bailey v. Janssen Pharma., Inc., 536 F.3d 1202, 1205 (11th Cir. 2008); Marano Enters. of Kan. v. Z-Teca Rests., 254 F.3d 753, 755-57 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999); McKinney v. Bd. of Tr. of Maryland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992)).   In Forman the district court concluded, "[t]he Milstead decision appears to be fashioning an equitable exception to the general rule despite the non-existence of the 'exceptional circumstances' alluded to in Brown and Kerwood.   This Court considers such broadening of the exception to the general rule to be impermissible."  1997 WL 162008 at *2.

It has been argued that in <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), the Supreme Court eliminates the possibility of the first-served defendant unanimity requirement, overruling <u>Brown</u> and <u>Getty</u>.  However, <u>Air Starter</u> explains the Fifth Circuit's response to such arguments:  "Although the Eighth Circuit has held that the Supreme Court's opinion in <u>Murphy Bros.</u> is inconsistent with the first-served rule, no Fifth Circuit case has so held."  <u>Air Starter</u>, 442 F.Supp.2d at 380.  In <u>Murphy Bros.</u>, the Supreme Court stated that the removal provisions should be read "in light of a bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process" and that the "time to remove is triggered by simultaneous service of the summons and complaint ...."  526 U.S. at 347-48.  As <u>Air Starter</u> explains, courts in the Fifth Circuit asked to consider <u>Murphy Bros.</u> as overruling the first-served rule have declined to read the "bedrock principle" as disallowing this interpretation of the rule of unanimity.  442 F.Supp.2d at 380-81.

The Notice of Removal in this case was filed by Wells Fargo on November 23, 2011.  Watts subsequently filed her consent to Wells Fargo's notice of removal on January 4, 2011.  Because the rule places great stress on the order in which defendants are served, it

is crucial to note that Wells Fargo is not the first-served defendant in this case.  Watts was served on October 25, 2010, and Wells Fargo was served on October 26, 2010.  Watts's Joinder and Consent to Removal of January 4, 2011 (docket entry 11), was not filed within any possible accounting of thirty days from service of process, either her own or that of Wells Fargo.  Because Watts was the first-served defendant, the thirty days would be calculated based on her own service on October 25, 2010.  Therefore, this case does not present a question of alternative conclusions based on the strict or lenient application of the rule of unanimity, first-served defendant rule.  Even if both defendants were permitted thirty days from the date on which they were served and Wells Fargo instead of Watts had been the first, Watts far exceeded the thirty-day limitation that the statute establishes in 28 U.S.C. § 1446(b), joining Wells Fargo's removal petition more than two months after she was served.  At its heart, the unanimity rule does not permit a later-served defendant to void the decision or procedural error of a first-served defendant.  Watts, who was the first-served defendant in this case, allowed her thirty days to expire without petitioning to remove.  Wells Fargo should not be permitted to void Watts's decision by petitioning for removal without obtaining her consent.

16

If a case presents no exceptional circumstances, the rule of unanimity will not permit a delay that, for any individual defendant, would exceed thirty days from service, regardless of whether the first-served rule or the more lenient rule is applied. The clear language of 28 U.S.C. § 1446(b), even applied leniently, requires a defendant to petition for removal or to consent to removal at least within thirty days of service. When a court relaxes the thirty days from service requirement, the court bases such a decision on a finding of exceptional circumstances rather than by declining to apply the first-served defendant rule. The court allows the later-served defendant to file thirty days from its own service.

In Milstead, there was a significant time lag between the service of the individual defendants such that the first-served defendant, Transportation Insurance, served on May 14, 1992, filed a timely petition to remove with the federal district court at 5:01 p.m. on June 15, 1992, the *same day* on which the later-served defendant's return of service was filed with the state court *only hours before*, at 2:05 p.m.  797 F.Supp. at 570, 573.  Even though Transportation Insurance was "reasonably diligent in attempting to ascertain" whether its co-defendant had been served, at the time of filing the Court noted that it had "no actual knowledge" and "no constructive knowledge" of the service of Casualty Insurance.  Id.

In <u>Milstead</u>, the court described how the rule should not be applied to create what could be labeled a "removal trap." <u>Id.</u>; <u>See also</u> Hollingsworth, <u>Removal Trap</u>, <u>supra</u>, at 165 (criticizing the Fifth Circuit's first-served defendant requirement as leading to "inequitable results" "most prevalent in suits involving multiple defendants where plaintiff's attorneys can manipulate service of process among unsuspecting defendants in order to preclude their opponents from availing themselves of the statutory right of removal.") However, in this case, there is no apparent attempt to manipulate the service of process.  The two named defendants were served within one day of each other.  The state court's record indicates that Watts had actually been served, and the defendants knew from the complaint that Watts was a co-defendant.  This is not a case in which a co-defendant was served on the very date that the thirty-day period for removal expired in order to defeat removal.

The district court in <u>Waffer</u>, applying <u>Milstead</u>'s more generous interpretation of the statute, did not require consent from the City of Garland's co-defendant, Jacobs.  2001 WL 1148174 at *2.  The district court explained that Jacobs's consent was not required because "at the time of removal, the case file at the state courthouse did not disclose that Jacobs had been served." <u>Id.</u>  However, the facts in the case before this Court are distinguishable from those in <u>Waffer</u>.  In this case, although Wells

18

Fargo's attorneys were not aware that the state courthouse records disclosed that Watts had been served, the court record actually did include the requisite notation.  Wells Fargo's lack of accurate information about the contents of the court record is not equivalent to the inaccurate court record, which encumbered the City of Garland in <u>Waffer</u>.

The Fifth Circuit permitted removal in the exceptional circumstances of the <u>Gillis</u> case where the consent of one defendant corporation required formal authorization to take place at a meeting of the Board of Directors, which proved difficult to schedule before the thirty days expired.  294 F.3d at 759.  The chairman of the Board attempting to schedule the meeting was also a plaintiff in the case.  <u>Id.</u>  The Court determined that the facts of the <u>Gillis</u> case fit <u>Getty Oil</u>'s equitable exception.  <u>Id.</u>  This case does not involve a similar hardship to obtaining the consent of a co-defendant.  Here, there are no indications of any attempt on the plaintiff's part to delay service of process.  Wells Fargo was not in the position of failing to comply with the rule of unanimity due to a corporate co-defendant's unavoidable scheduling conflicts.  Watts did not file her Joinder and Consent to Removal (document entry 11) until after the plaintiff challenged removal in the absence of Watts's consent (document entry 10).

Watts's imprisonment cannot be analogized to the <u>Gillis</u> case's exceptional circumstances.   Jones provided Wells Fargo with documentation of Watts's indictment and intent to plead guilty, and Wells Fargo had reason to realize that she was in prison.   There is no indication that, as in the <u>Gillis</u> case, Wells Fargo was foiled in an attempt to contact Watts prior to the expiration of the thirty days because Wells Fargo at no point maintains that it attempted to contact either Watts or her attorneys.   Here, Watts's incarceration had no bearing on Wells Fargo's failure to obtain her consent in a timely manner.

The <u>Getty Oil</u> case's circumstances parallel those of the case before the Court in that the <u>Getty Oil</u> defendants who filed the petition for removal also claimed that, at the time of filing, they did not know that the co-defendant had been served.   841 F.2d at 1263 n.12.   Yet, in <u>Getty Oil</u>, the later-served defendants joined the petition to remove within thirty days of their own service, even though this was fifty-one days after the service of the first-served defendant.   <u>Id.</u> at 1262.   Here, while Wells Fargo also claims that it did not know that Watts had been served at the time it filed its petition to remove, Watts's consent was not within thirty days after she was served, in addition to not being within thirty days of the first-served defendant.   As referenced previously, the <u>Getty Oil</u> case provided the firmly established rule

20

regarding first-served defendants, currently applied in the Fifth Circuit.  See Hollingsworth, Removal Trap, supra, at 162-66.

In this district, in the Holland case, the court applied the Getty Oil Fifth Circuit standard, emphasizing that the defendants should have been aware of all co-defendants whose consent was necessary to remove because all were named in the original state court complaint, 2009 WL 2225494 at *4, as both Wells Fargo and Watts were in this case.  Additionally, in Holland, the court mentioned that all defendants were served by a date which permitted two weeks in which to coordinate removal.  Id. In this case, the defendants were served within a day of each other; therefore, they had ample time in which to coordinate consent before filing a timely petition to remove.  In Holland, defendant Nationwide Mutual Fire Insurance Company claimed exceptional circumstances because its attorney attempted to obtain consent from all parties before the deadline but was ultimately unable to do so. Id.  In the present case, Wells Fargo does not allege that it made any effort to contact Watts herself or her attorneys until after the deadline was long past.  In Holland, the court record appeared to be incomplete, id., but in Wells Fargo's case, the court record was complete although Wells Fargo's attorneys failed to ascertain that information.  The Holland court concluded that, "[w]hile counsel appears to have taken reasonable steps to coordinate timely

joinders of removal, that fact does not render the circumstances in this case exceptional." Id. at *5.  It cannot be said that Wells Fargo's attorneys appear to have taken reasonable steps to coordinate timely joinders of removal; therefore, in this case, the circumstances are likewise not so exceptional as to warrant avoidance of the rule's strictures.

This case does not fall within any of the other exceptions clarified by the Fifth Circuit, in, for example, the Jernigan case, where all co-defendants had not consented but where improper defendants had been joined in an attempt to destroy diversity jurisdiction.  989 F.2d at 815.  In this case, there is no allegation that Jones attempted to improperly join Watts to avoid federal court jurisdiction.

Nor is Wells Fargo's failure to obtain Watts's consent excused under the exception in the Farias case where consent was not required from nominal parties, against whom "there is no possibility that the plaintiff would be able to establish a cause of action ... in state court."  925 F.2d at 871 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)).  It is possible for the plaintiff to establish a cause of action in state court against both Wells Fargo and Watts.

The Jones v. Houston Indep. Sch. Dist. case also does not provide an exception suitable to the case at hand.  In that case,

the failure of all defendants to join in filing timely removal was excused because the defendant who had not joined the removal petition had not been served when it was filed.  979 F.2d at 1007. In the case before this Court, both defendants had been served at the time Wells Fargo filed the removal petition.  Wells Fargo violated the requirements of the rule of unanimity as interpreted by the Fifth Circuit by filing for removal without first ascertaining the consent of its co-defendant, Nancy Watts.

The plaintiff requests sanctions based on Wells Fargo's improvident removal.  The Court finds that Wells Fargo's argument that its failure to obtain Watts's consent to remove should be excused on the basis of exceptional circumstances is not entirely without any arguable support, and does not warrant sanctions. Because the Court does not reach the federal question issue, it declines to address sanctions on that basis.

The Court does not accept Wells Fargo's arguments that its failure to obtain consent from its co-defendant Watts before petitioning for removal should be excused due to exceptional circumstances.  The Court will continue to follow the Fifth Circuit precedent by applying the first-served defendant interpretation of the rule of unanimity and will not depart from the Fifth Circuit's strict application of the rule.  Even if a more lenient interpretation were applied in this case, Wells Fargo would still

be unable to override the decision or procedural error of Watts, the first-served defendant, to allow the thirty day limitation to expire without petitioning this Court for removal.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Cathy D. Jones's motion to remand **(docket entry 9)** is GRANTED, and this action shall be remanded to the Circuit Court of Yazoo County, Mississippi;

FURTHER ORDERED that the plaintiff's request for sanctions is DENIED.

A separate order remanding this case to the Circuit Court of Yazoo County, Mississippi, shall follow.

SO ORDERED, this the 31st day of May, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

24